PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

IN THE UNITED STATES DISTRICT COURT

FOR THE Eastern DISTRICT OF TEXAS

Tyler DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

Gregory Dewayne Tennyson
PETITIONER
(Full name of Petitioner)

Smith County Jail
CURRENT PLACE OF CONFINEMENT

vs.

57083
PRISONER ID NUMBER

Larry Smith Sheriff of Smith County
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

6:16CV1277 RWS/JDL
CASE NUMBER
(Supplied by the District Court Clerk)

---

INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

- [x] A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- [ ] A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- [ ] A disciplinary proceeding. (Answer Questions 1-4,15-19 & 20-25)
- [ ] Other:__________ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 241st Judicial District of the Court of Smith County, TX

2. Date of judgment of conviction: June 29, 2016

3. Length of sentence: Life

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: Cause No. 241-0030-16

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one) ☑ Not Guilty ☐ Guilty ☐ Nolo Contendere

6. Kind of trial: (Check one) ☑ Jury ☐ Judge Only

7. Did you testify at trial? ☑ Yes ☐ No

8. Did you appeal the judgment of conviction? ☑ Yes ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? 12th Court of Appeals

   ______________ Cause Number (if known) not Known

   What was the result of your direct appeal (affirmed, modified or reversed)? not Known

   What was the date of that decision? not Known

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: not Known

   ______________

   Result: not Known

   Date of result: not Known Cause Number (if known): not Known

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: not Known

   Date of result: not Known

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed. ☐ Yes ☑ No

11. If your answer to 10 is "Yes," give the following information:

   Name of court: ______________

   Nature of proceeding: ______________

   Cause number (if known): ______________

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: N/A

Grounds raised: N/A

Date of final decision: N/A

What was the decision? N/A

Name of court that issued the final decision: N/A

As to any second petition, application or motion, give the same information:

Name of court: N/A

Nature of proceeding: N/A

Cause number (if known): N/A

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: N/A

Grounds raised: N/A

Date of final decision: N/A

What was the decision? N/A

Name of court that issued the final decision: N/A

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☐ Yes ☑ No

(a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future: ______

(b) Give the date and length of the sentence to be served in the future: ______

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: ______________________________

14. Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:

______________________________________________________________

Disciplinary case number: ______________________________

What was the nature of the disciplinary charge against you? ______________________________

18. Date you were found guilty of the disciplinary violation: ______________________________

Did you lose previously earned good-time days? ☐Yes ☐ No

If your answer is "yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:

______________________________________________________________

Identify all other punishment imposed, including the length of any punishment if applicable and any changes in custody status:

______________________________________________________________

______________________________________________________________

______________________________________________________________

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No

If your answer to Question 19 is "yes," answer the following:

Step 1 Result: ______________________________

Date of Result: ______

Step 2 Result: ______

Date of Result: ______

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** Illegal Arrest and detainment

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Officer Taylor stated on video and under oath that he pulled me over for "White light emitted from license plate" It was proven in court that there was no traffic violation and officer did not have just cause to detain defendant. Also having a white light for licencense plate is not a violation. Officers Taylor also did not have a valid warrent for defendant as he claimed

B. **GROUND TWO:** Rule 107 of Evidence Rule of Optional Completeness

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

State used video evidence and judge allowed redacted version of video evidende to be used by prosecution but refused to allow defense to use whole or unredacted version of video to be shown.

C. **GROUND THREE:** Right to a jury of peers

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prosecution had prior knowledge of who would serve on jury. 8 of 60 jurors were black and all were stricken purposely so as not to be allowed to serve and judge allowed it. Also prosecution stated that low income and low education jurors not be allowed on jury and judge allowed.

D. **GROUND FOUR:** Fair and impartial hearing

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendand filed pro'se for recusal of judge and motion was ignored. Judge has personal and close relationship with witness for state Brandie Feil. Judge also denied all motions and objections filed by defense.

21. Relief sought in this petition: I ask that the court overturn this conviction and reverse the ruling on judges motions to supress, instrutions given to jury, and ruling on evidence. We also ask that if the courts grants a new trial that a new judge be appointed.

E. Ground Five: Prosecution did NOT turn over all evidence used during Trial to the defense as per rules of discovery

Supporting Facts: Prosecution Presented a document during Trial while cross examining Tyler P.D. Detective Hughes and had him read from the document To attemp To Prove The defendant had been arraigned and arrested on The alleged warrent That the defendant was supposed to have. Prosecution did not give said evidence to defense as per rules of discovery.

F. Ground Six: Ineffective Counsel

Supporting Facts: Defense Attorney failed and refused To act when defendant made known the judges personal relationship with a witness.
Defense Attorney failed To act when defendant notified him that he was being forced to wear both ankle shock device and ~~ankle~~ leg brace during Trial and of Threats and intimidation made to him by bailiff.
Defense attorney never reviewed the discovery with the defendant and refused to do so, but sent one of his investigators instead.
Defense attorney refused to file for lesser included offense To be included in jury instructions as requested by defendant.
Defense attorney refused To object To the Prosecutions changing of the indictment.
Defense attorney refused To call any witnesses during Trial To support The defendants necissity defense
Defense attorney lied To the defendant about The Prosecution being able to use his past history during trial and encouraged him to testify during Trial.

G. Ground Seven: Cruel and unusual punishment

Supporting facts: Defendant being forced To wear both shock device and leg brace during entire Trial and threatened To be shocked if he spoke of his assault by officers at Time of arrest or ask any questions during his Trial.
Defendants sentence of life was also cruel and excessive when in fact there was no bodily injury or assault To The officer.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☑ No

If your answer is "yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice or (c) denied.

______________________________________________

______________________________________________

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?

☑ Yes ☐ No

If your answer is "yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

All of the grounds listed are presented for the first time. My state appeal attorney has not filed anything neither have I had any communication from him since his appointment on 7-25-16

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☑ Yes ☑ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. Yes, I have an appeal in state court but as of yet nothing has been filed to my knowledge. The appointed attorney has not contacted me.

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Clifton L Roberson 1104 First Place Tyler, TX 75702

(b) At arraignment and plea: Clifton Roberson 1104 First Place Tyler, TX 75702

(c) At trial: Clifton Roberson 1104 First Place Tyler, TX 75702

(d) At sentencing: Clifton Roberson 1104 First Place Tyler, TX 75702

(e) On appeal: Austin Reese Jackson 212 E Line ST Ste 300 Tyler, TX 75702

(f) In any post-conviction proceeding: ______________________

(g) On appeal from any ruling against you in a post-conviction proceeding: ____________

______________________________________________________________________

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

________________________________
Signature of Attorney (if any)

Gregory Tennyson

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

11-6-2016 (month, day, year).

Executed (signed) on 11-6-2016 (date).

Gregory Tennyson
Signature of Petitioner (required)

Petitioner's <u>current</u> address: 206 E. Elm St Tyler, TX 75702

Thomas Dalton
206 E Elm St
Tyler, TX 75702




David O'Toole
Clerk of the Court
United States District Court
Eastern District of Texas 211 W. Ferguson St
Tyler, TX 75702